UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,            )
                                     )
      Plaintiff,                     )
                                     )
           v.                      )      File No. 1:11-cv-258-jgm
                                     )
LISA DUPREY, f/k/a LISA M. BROWN, et al.,   )
                                     )
      Defendants.                    )

**FINDINGS AND ORDER GRANTING**
**UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court for consideration of the United States Motion for Summary

Judgment.  (Doc. 7.)  The United States served a copy of the motion on the Defendant, Lisa Duprey,

by first class mail on February 28, 2012.  The Defendant failed to file any opposition to the motion

and the time to do so has expired.  Based upon the pleadings of record, the United States' motion,

memorandum of law and declaration of Louis Holst, the Court hereby finds as follows:

The Plaintiff, the United States of America, filed its Complaint seeking to foreclose the

equity of redemption in two mortgages.  The first is a mortgage originally given by Daniel F. Pratt

and Daphne L. Pratt, to plaintiff, United States of America ("the United States"), on or about

September 30, 1991 was assumed by the Defendant, Lisa Duprey, f/k/a Lisa M. Brown on or about

August 13, 1996.  The second mortgage was given to the United States by the Borrower on August

13, 1996.

The Defendant filed an Answer.  In her Answer, the Defendant does not dispute the basic

facts of the foreclosure action and does not raise any defenses.  Her only dispute concerns her

receipt of the acceleration letter.  The Defendant denies that she received the Notice of Acceleration

that was mailed to her in August of 2010.  The United States filed a motion for summary judgment

asserting that the acceleration letter was sent to the Defendant at the mortgaged property,  27 Crow

Hill, St. Johnsbury, VT 05647, by First Class and Certified Mail, Return Receipt Requested.

Summary judgment is appropriate where there is no genuine issue of material fact in dispute

and where the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 55(c).  A

genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a

verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

*also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The substantive law will identify which facts

are material. Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment. . . . Factual disputes that are irrelevant or

unnecessary are not material."  *In re Willis*, 361 B.R. 54, 59 (Bank. D. Vt. 2007)(citing *Anderson,*

477 U.S. at 247).

The facts relevant to foreclosure of a mortgagor's equity of redemption are the execution of

instruments and nonpayment.  *See Quazzo v. Quazzo*, 136 Vt. 386, 110-111 (1978).  Where these

facts are proved, the moving party establishes its entitlement to judgment.  In this case, the

uncontested facts establish that the Defendant is obligated to make payments to the United States

under the promissory notes as a condition of the mortgages and that the Defendant failed to make all

of the required payments.  *See* Holst Dec ¶¶ 2-14, Exhibits A-J.  The Defendant does not dispute

these facts and the Court therefore finds that the Defendant executed the documents and failed to

pay all amounts due under the mortgages and notes.

As to the Defendant's defense concerning receipt of the acceleration notice, the mortgages

assumed and signed by the Defendant established a procedure for providing notices to the parties.

Paragraph 23 of the mortgages provides that any notices required to be given by RHS to the

Defendant must be sent to the address found in records of RHS's finance office.  *See* Holst Dec ¶ 20.  On August 2, 2010, the only mailing address for the Defendant maintained by RHS in its finance office was the address of the mortgaged property at 27 Crow Hill, St. Johnsbury, VT 05647.  *See* Holst Dec ¶ 21-22.  RHS sent a Notice of Acceleration, by First Class Mail and by Certified Mail, Return Receipt Requested, to that address.  An individual named Tim Stanyon signed the Return Receipt and accepted delivery of the Notice of Acceleration at the residence on the Defendant's behalf on August 6, 2010.  *See* Holst Dec ¶ 18-19, Exhibits K and L. The Defendant thereafter contacted the United States and was informed of the status of her debt and the amount of the then-existing arrearage.  The Defendant does not dispute these facts and the Court finds that the Defendant received appropriate notice of the acceleration and demand for payment.

Based upon the foregoing, there is no genuine dispute as to any fact material to the United States' claim for foreclosure.  The uncontested material facts establish that the United States is entitled to a judgment of foreclosure as a matter of law.  The United States' Motion for Summary Judgment is hereby  GRANTED.  Within thirty (30) days, the Plaintiff shall submit a request for an accounting and a Judgment Order and Decree of Foreclosure, setting a six-month redemption period followed by a judicial sale.

Dated at Brattleboro, in the District of Vermont, this 4th day of June, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge